**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PHILIP ROBERTS,

      Plaintiff-Appellant,

v.

PAT ROE; PAULA SAWYER;
RAYMOND EDWARDS; DAVID
BATEMAN; DAVID LAMPH,

      Defendants-Appellees.

No. 98-4190
(D.C. No. 98-CV-168-K)
(D. Utah)

**ORDER AND JUDGMENT**  *

Before **BRORBY, EBEL** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Philip Roberts brought this action asserting a variety of claims under 42 U.S.C. § 1983 as well as state law claims relating to his arrest and incarceration in Spanish Fork, Utah County, Utah in July 1993. Defendants, who are employees of the Utah County jail and sheriff's office, moved for dismissal of the federal law claims under Fed. R. Civ. P. 12(b)(6) on the basis that the claims were time-barred and, alternatively, for summary judgment. Although the district court indicated there were material issues of fact that would preclude summary judgment, it agreed with defendants that the statute of limitations had run on plaintiff's federal law claims, and it granted their motion to dismiss. It also dismissed plaintiff's state law claims without prejudice for lack of pendant jurisdiction. Plaintiff appeals. Reviewing de novo the district court's dismissal pursuant to Rule 12(b)(6), *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999), we affirm in part and reverse in part.

Plaintiff was arrested by a Spanish Fork police officer on July 26, 1993, and charged by Spanish Fork and Utah County with driving a vehicle without registration and insurance, operating a vehicle without a driver's license, and providing false information to a police officer. He was incarcerated in the Utah County jail until July 30. The charges filed against him by Utah County, which plaintiff contends are the only ones at issue in this case, were dismissed on September 27, 1994. In March 1996, plaintiff filed his first § 1983 complaint

against the present defendants plus others, and he voluntarily dismissed that complaint in April 1997. He filed the instant complaint on March 11, 1998.

The district court held that the four-year statute of limitations provided by Utah Code Ann. § 78-12-25(3) applied to plaintiff's § 1983 claims. Because the court concluded that plaintiff's claims arose no later than July 30, 1993, it determined that the statute expired on July 30, 1997, and that plaintiff's subsequently filed complaint was too late. On appeal, plaintiff contends that his claims are not barred by the statute of limitations because his claims matured sometime after July 30, 1997; defendants fraudulently concealed facts necessary to discovery of his claims; the limitations period was extended by the savings provision of Utah Code Ann. § 78-12-40; his claims did not arise until the criminal charges were dismissed on September 27, 1994; and a longer limitations period applies to his claims.

We agree with the district court that Utah's four-year limitations period provided by Utah Code Ann. § 78-12-25(3) applies to plaintiff's § 1983 claims. *See Arnold v. Duchesne County*, 26 F.3d 982, 983 (10th Cir. 1994). To determine whether the statute has run on his claims, we must first determine what claims plaintiff asserted in his complaint. In its decision, the district court did not identify plaintiff's claims, and on appeal the parties disagree on what claims plaintiff properly presented to the district court.

-3-

Construing plaintiff's pleadings liberally because he appears pro se, as he did in the district court, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we conclude that plaintiff asserted the following claims: false arrest; false imprisonment; deprivation of property without due process; a challenge to his conditions of confinement; conspiracy; denial of equal protection, apparently based on religious grounds; denial of right to counsel; infringement on freedom of speech and religion; abuse of process; and malicious prosecution. Plaintiff contends that he also asserted a fraud claim, but his mention of fraud in his papers refers only to defendants' allegedly fraudulent concealment of facts relating to his claims and to their litigation tactics, and he did not assert a separate claim for fraud. Defendants contend that he did not assert a claim for malicious prosecution, but though he did not use that name, his complaint, liberally construed, includes a malicious prosecution claim. [1] Moreover, in his responses to

---

[1] Plaintiff's complaint stated that

The case of the State v. Philip Roberts was on 2 counts of False Information in alleged violation of 53-5-217, for not giving up his fingerprints and photograph based on a religious conviction and was filed in August of 1993, in the Fourth Circuit Court in Spanish Fork, Utah. and later dismissed on motion from the county attorney in the interest of justice for good and sufficient cause on Sept 27th, 1994. One could honestly say that their was a malicious Arrest and abuse of the law.

R. Doc. 3 at 15 (sic generally). While we conclude this is sufficient for present

(continued...)

defendants' motion to dismiss, he referred to a malicious prosecution claim, including an argument supported by authority regarding when it matured for statute of limitations purposes. *See* R. Doc. 32 at 7.

Section 1983 claims arise when a plaintiff knows or should know that his constitutional rights have been violated. *See Beck v. City of Muskogee*, ___ F.3d ___, No. 98-7171, slip op. at 7 (10th Cir. Sept. 29, 1999). With the exception of his malicious prosecution claim, all of plaintiff's claims relate to his arrest and incarceration in late July 1993, and such claims are presumed to have accrued at the time the actions occurred. *See Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). Plaintiff has identified no legitimate reason why he should not have known of the existence of these claims by the time his incarceration ended. Because he voluntarily dismissed his first action before the statute had run, he does not fall within the savings provision of Utah Code Ann. § 78-12-40. Since he filed his complaint more than four years after his incarceration ended, we agree with the district court that all of his claims except for his malicious prosecution claim are time-barred.

Plaintiff's malicious prosecution claim is not time-barred, however. In situations in which a § 1983 plaintiff has been convicted and is challenging the

---

[1](...continued)
purposes to raise a claim of malicious prosecution, we express no opinion on whether plaintiff has asserted all the requisite elements of such a claim.

-5-

prosecution leading to that conviction, a malicious prosecution claim does not mature until the conviction has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). We recently extended the *Heck* rule to situations, such as this one, in which a malicious prosecution claim relates to charges that have been dismissed, holding that the claim ripens at the time the charges are dismissed. *See Beck*, slip op. at 6. Because the charges against plaintiff were not dismissed until September 1994, and he filed his complaint in March 1998, his malicious prosecution claim is not barred by the statute of limitations. Defendants implicitly argue that we should reject plaintiff's malicious prosecution claim because he failed to allege pressure or influence by them on the prosecutor as they contend is required to state a malicious prosecution claim. *See Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996). Because the district court did not pass on the substance of this claim, we will not do so in the first instance on appeal.

The judgment of the district court is AFFIRMED in part and REVERSED in part, and the case is REMANDED to the district court for further proceedings not inconsistent with this order and judgment. Defendants-appellees' motion to strike portions of plaintiff-appellant's reply brief and supplemental appendix is DENIED.

Entered for the Court

Wade Brorby
Circuit Judge